Judge Bryan

FILED LODGED RECEIVED
MAR 20 2013
CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, Plaintiff,

v.

MICHAEL MARTIN, Defendant.

No. CR12-5412RJB

**PLEA STATEMENT**

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Ye-Ting Woo, Assistant United States Attorney for said District, Defendant, Michael Martin, and his attorney, Jerome Kuh, submit the following Plea Statement:

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to the following charge contained in the Indictment.

a. Threats to Kill a Federal Official, as charged in Count 1, in violation of Title 18, United States Code, Section 115.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. **Elements of the Offense.** The elements of the offense of Threats to Kill a Federal Official, as charged in Count 1, in violation of Title 18, United States Code, Section 115, are as follows:

First, the defendant did knowingly threaten to assault a federal law enforcement officer;

Second, the defendant acted with intent to impede, intimidate, and interfere with the federal law enforcement officer's performance of the officer's official duties,

Third, the defendant acted with intent to retaliate against such law enforcement officer on account of the performance of such officer's official duties; and,

Fourth, the killing of any such federal law enforcement officer would have been a crime under Title 18, United States Code, Section 1114;.

3. **The Penalties.** The statutory penalties for the offense of Threats to Kill a Federal Official, as charged in Count 1 are as follows:

a. Count 1 (Threats to Kill a Federal Official): Imprisonment for up to ten (10) years, a fine of up to two hundred and fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of three (3) years, and a special assessment of one hundred and no/100 dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** By pleading guilty, the Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of his peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

a. Defendant Michael Martin was a member of the United States Army for approximately 12 years until he was discharged on June 15, 2012 with a character of service of "Under Other Than Honorable Discharge." Martin was then permanently barred from the Joint Base Lewis-McChord (JBLM). On June 28, 2012, Martin was apprehended on JBLM for suspicion of trespassing. Martin has a Facebook page and shortly following his apprehension, on approximately June 28 or 29, 2012, the following posts were on his Facebook page: "I just wanna give a big FFFUCK YOUUUU!!! To Fort Lewis! Thanks 4 arresting me 4 going 2 college tonite, that was awesome!! 1st yall put me in jail 4 takin care of mommy when daddy died, now u arrest me 4 goin 2 skool?!?! Whats next, r yall gonna take me to court 4 eating breakfast? Maybe take me in 4 goin 2 tha bathroom?!? FUCK YOU!!! Keep this up & im gonna put my bomb-makin skillz 2 work!!! Think im fuckin playin."

b. On July 5, 2012, Michael E. Martin was contacted at his residence by members of the FBI Joint Terrorism Task Force, and local police officers, regarding the June 28, 2012, Facebook posting. Martin declined to allow the FBI and local police to enter his apartment. Martin advised he had



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

no weapons, bombs or explosive devices and is completely avoiding any contact with JBLM. Martin acknowledged that he made the statements on his Facebook page, and claimed that his reference to "bomb-makin skillz" was in reaction to being pulled out of class the previous week and subsequently arrested for trespassing on JBLM. Martin advised he had no intention of bombing the JBLM or causing physical harm to others.

c. In September 2012, Michael E. Martin submitted a report to the JAG Office claiming that his ex-girlfriend, A.E.P., had engaged in acts of harassment, assault, and perjury. A.E.P. is employed by the United States Army with the rank of E-4 Specialist (SPC).

d. In February 2012, a summary court martial was held as to several violations by Martin. He was charged with several violations under Army Regulation AR635200, Chapter 14-12(c). These violations included misconduct by the defendant in failing to obey Captain M. Ford and First Sergeant T. Liles. In May 2012, an administrative hearing was held to determine Martin's suitability to continue active service. At this hearing, it was decided for Martin to be discharged for Other Than Honorable Conditions. On June 15, 2012, Martin was formally discharged from the U.S. Army.

e. On Friday, September 21, 2012, at 09:54 AM, this email was sent from the defendant to M. Steward, Chief of Military Police Investigations, Provost Marshal Office: "Mike, Hey there Mike, so as you know I came in a couple weeks ago and submitted my statement to one of your officers. He told me he'd get back to me within a week and let me know if the JAG was actually going to do anything about this or not. It's been 2 weeks now, so I was just wanting to see what's going on with this whole issue right now. Please let me know what's up. Thanks Michael E. Martin United States Army." Attached to the defendant's email to Chief Steward was a Word document entitled, "Cruelty, Maltreatment & Toxicity."

f. In the "Cruelty, Maltreatment & Toxicity" document sent by Martin to Chief Steward , the defendant made numerous inflammatory statements about his ex-girlfriend as well as Captain Ford, First Sergeant Liles, other military staff, and the defendant's belief that they conspired to have him discharged from the Army. Specifically, the defendant sought to have a military criminal investigation conducted against his ex-girlfriend and other military staff members.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

g. On September 21, 2012, at 11:07 a.m., Provost Marshal Office, Chief Steward sent an email to the defendant advising that Captain C. Elder of the Staff Judge Advocate's Office had completed its investigation and would be closing the case. Chief Steward suggested that the defendant could pursue his allegations with Thurston County authorities.

h. On September 21, 2012, at 9:30 p.m., the defendant sent the following email reply to Chief Steward, threatening to harm Captain Elder:

> "I have just one question about that, how come the SJA saw fit to pursue charges against me for "communicating a threat" to SPC [A.E.P.] by sending her an email telling her I was taking her to court - even though we were both off post, but won't pursue charges against her for FUCKING THREATENING TO KILL ME. u tell that mutherfucker if he doesn't pursue charges against her for threatening to kill me then i'm going to fucking murder her, murder him, and murder everyone else who fucking destroyed my life, my career, and too away my ability to take care of my elderly disabled mother with bullshit charges that were illegal and unlawful and unjust. if they can pursue charges against me and convict me for "threating' to take her to court for committing purjury against me when we were both offpost when i sent that email then they can absolutely pursue charges against her for fucking threatening to kill me!!! i'm not fucking playing with you fucking idiots anymore. if anybody dies out of this then the blood is on the JAG'S HANDS NOT MINE. IF THEY DON'T PURSUE CHARGES AGAINST HER LIKE THEY UNLAWFULLY DID ME THEN SOLDIERS ARE GOING TO FUCKING DIE!!!
>
> Sent from my SICK iPhone 4S ;-)"

i. Captain Elder is a Staff Advocate Judge Prosecutor and was responsible for reviewing the allegations made by the defendant about the defendant's ex-girlfriend and other military personnel.

8. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea ~~Agreement~~ Statement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea ~~Agreement~~ Statement, were made to induce Defendant to enter this plea of guilty.

Dated this 20th day of March, 2013.

MICHAEL MARTIN
Defendant

JEROME KUH
Attorney for Defendant

YE-TING WOO
Assistant United States Attorney



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970